LUIS ARTURO RODRÍGUEZ, ETC., ET AL., Plaintiffs and Appellees, *v.* NORTHERN ASSURANCE COMPANY OF AMERICA, Defendant and Appellant.

No. R-66-253.     Decided February 12, 1969.

*Rieckehoff, Calderón, Vargas & Arroyo* for appellant. *Héctor Lugo Bougal, Delia María Auffant,* and *Delia Lugo Bougal* for appellees.

---

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

PER CURIAM: On May 18, 1963, the child Linnette Rodríguez Forguera, 6 years old, suffered injuries upon being run over by a commercial vehicle at the moment she was coming out of the school where she studied the first grade. The Ponce Part of the Superior Court granted compensation for this accident. In its findings of fact the court stated thus:

".          .          .          .          .          .          .

"2. On May 18, 1963, at about twelve o'clock noon, on San Joaquín Street of Adjuntas, the minor's grandfather, Jaime Forguera, was waiting in his automobile with the doors open, for his granddaughter, who together with her small brother was coming out of the school at that moment.

"3. Numerous children were walking at that moment along the sidewalk and in front of the school while another group continued coming out through the gate of said school.

"4. When the minor was at a short distance from the door of her grandfather's automobile she was run over by a Chevrolet truck, license plate C-321-851, property of Cecilio R. Font, Sucrs. and driven at that moment by the employee of said firm, Sixto Irizarry Hernández.

"5. As a result of the impact the girl was violently thrown against the pavement suffering serious physical injuries for which reason she had to be confined in the Hospital de Damas of Ponce, and treated there by Dr. Joseph Brinz. Subsequently, said minor has been examined by other physicians and even at the date of the hearing of this case she continued under periodical medical treatment.

"6. As a result of the accident in question the plaintiff minor suffered a fracture of the base of the skull of at least five centimeters long, according to stipulations made by the parties.

"7. The girl has continued under treatment and her parents complain that they have noticed a change in her personality, consisting in that the girl is highly irritable and forgetful. She

suffers, moreover, strong headaches, and has to be absent from her classes frequently.

"The court concludes that at the time the accident occurred the plaintiff minor was within the radius of the peripheral vision of the driver involved in the accident and concludes that the latter was driving at a great speed and without taking the precautions required by the circumstances when children of tender age, at the end of class leave the school building.

"At the time of the accident, the minor Linnette Rodríguez Forguera was 7 years old, healthy and with a perspective of a useful and normal life. After the accident in question there has been a significant change in her personality, her perspectives of improving being altogether uncertain."[1]

Moreover, as a question of law, the court concluded that the driver of the vehicle, Sixto Irizarry Hernández, was negligent pursuant to the provisions of the Traffic Law, in driving his vehicle at a great speed in a school zone, while the children were coming out of school and having had the opportunity to see the child and not taking the precautions to avoid the accident.

Against the judgment which ordered to compensate the girl and her parents, defendant-appellant, Northern Assurance Co. of America alleges on appeal that the trial court committed four errors: (a) in concluding that the driver was driving at full speed without there being any evidence to support such conclusion; (b) in concluding that there was negligence on the part of the insured despite the fact that that was the only descriptive evidence of the accident to the effect that the girl had suddenly crossed the street; (c) in concluding that appellant was bound to pay a total sum of $20,511.75 notwithstanding the limit of the policy; and (d) in granting to the injured girl an amount not in proportion with the injuries actually suffered by her.

---

[1] From defendant-appellant's documentary evidence it appears that the girl was born on September 21, 1957. She had not reached the age of 6 at the time of the accident.

After judgment was rendered, and at appellant's request, the court made the specific conclusion that under the policy issued in this case by appellant, the company's liability had a limit of $10,000 for one person and $20,000 for each accident. In their brief appellees accept that the court limited appellant's civil liability in this case to the limit of $10,000 of its policy. The third error does not exist.

As to errors (a). and (b), the court did not conclude that the driver was driving at full speed but that he was driving at a great speed under the present circumstances, at the time when children, whose ages, according to the record, fluctuated between 7 and 14 years, were coming out of school.

In this case none of the parties offered direct evidence as to the speed at which the driver was driving. The only witness brought by defendant who apparently witnessed the accident was not asked by appellant about the vehicle's speed. Said witness said that he saw the vehicle and shouted to the girl not to cross. He did not state at what distance from the vehicle the girl was at the moment she started to cross.

There is evidence, unquestionably believed by the trial court, to the effect that a loud squeaking of the brakes was heard. The fact that the girl remained, after the impact, at 10 or 15 feet in front of the vehicle, even though it came suddenly to a stop, appears in the record.

More than a conflict in the evidence this case presents a situation in which the evidence in the record, for whatever reasons there might be, lacks certain other circumstantial elements useful for the trier to pass judgment. It is somewhat significant that appellant did not offer the driver's testimony on the accident, despite the fact that the insured company and employer of said driver was also the defendant. An examination of all the evidence and of the attendant circumstances does not authorize us to hold that the trial court did not have sufficient basis in the record for its findings of fact, or to hold, as required by Rule 43.1

of the Rules of Civil Procedure, that its findings are "clearly erroneous," in order to set them aside, according to said Rule.

In support of the fourth assignment of error, that is, the compensation granted, appellant makes reference to a deposition made by the girl's mother and the girl which was offered in evidence by said appellant, without objection from plaintiffs-appellees. There is also, as evidence introduced by defendant-appellant, the testimony of Dr. Brinz. This physician treated the girl when she was taken to the hospital and then continued treating her periodically because her parents complained of changes in her personality and that the girl was irritable, forgetful, and talked very much.

From the testimony of this physician it appears that the great majority of the cases with fracture in the base of the skull result in brain damage. The girl had been in that condition from 15 to 18 months and had not yet improved in that respect, he could not anticipate that she was going to improve or that she would remain the same, or perhaps worse. He said that although the outcome of the situation was unknown, he ventured to say that the girl could develop complications she had not yet suffered, or could remain as she was. He anticipated that she would remain the same or would get worse.

From an examination practiced by Dr. R. Guzmán López, a neurologist, at appellant's request, on March 31, 1964, it appears, in the opinion of this physician, that the girl had recovered from the brain shock without organic residue but it appears that it left traces in her personality.

■ Aside from the physicians' views, the reading of the girl's statement in the deposition given by her on April 7, 1965 at appellant's request and submitted by the latter in evidence, suffices to realize that at that time she showed a pronounced maladjustment, and an obvious tendency to irritability which had been observed by her parents. We do

not believe that the compensation of $15,000 awarded to the girl under the aforesaid circumstances is excessive.

The judgment rendered by the Ponce Part of the Superior Court on June 30, 1966, as amended by limiting appellant's civil liability to the amount of the policy, will be affirmed.